

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00394-CV

_____

IN THE INTEREST OF H.P. III, A CHILD

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 10,964, Honorable Stuart Messer, Presiding

February 20, 2020

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Father, appeals from the trial court's order adjudicating parentage and terminating his parental rights to his child, H.P. III.[1]  The petition to terminate was filed by appellee, Mother, and not by a governmental entity.  Now pending before this Court is Father's motion requesting that we appoint counsel to represent him on appeal.  We remand the cause to the trial court for further proceedings.

---

[1] To protect the privacy of the parties involved, we will refer to the appellant as "Father," to the appellee as "Mother," and to the child by his initials.  See TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2019); TEX. R. APP. P. 9.8(b).

In a suit requesting termination of the parent-child relationship that is not filed by a governmental entity, the trial court shall appoint an attorney ad litem unless the court finds that the interests of the child will be represented adequately by a party to the suit whose interests are not in conflict with the child's interests. TEX. FAM. CODE ANN. § 107.021(a-1) (West 2019).

Accordingly, we abate this appeal and remand the cause to the trial court to determine whether to appoint appellate counsel to represent Father pursuant to Section 107.021(a-1) of the Family Code. *See In re A.G.D.*, No. 07-15-00201-CV, 2015 Tex. App. LEXIS 6072, at *1-2 (Tex. App.—Amarillo June 16, 2015, order) (per curiam). Upon remand, the trial court shall utilize whatever means it finds necessary to determine the following:

(1)     whether Father still desires to prosecute the appeal;

(2)     whether Father is indigent; and

(3)     whether counsel should be appointed to represent Father on appeal.

Should the trial court appoint appellate counsel, the name, address, e-mail address, telephone number, and state bar number of appointed counsel shall be provided to the Clerk of this Court in an order of the court. The trial court shall also issue findings of fact and conclusions of law addressing the foregoing subjects. A supplemental clerk's record containing the findings of fact and conclusions of law and any orders issued shall be filed with the Clerk of this Court on or before March 2, 2020.

It is so ordered.

Per Curiam